## JACKSON *vs.* FORREST and LEGGETT.

A person having a judgment of $400 against L., who subsequently died, filed a bill against F. and the administratrix of his deceased debtor, for the purpose of reaching certain real estate which, as the bill alleged, L. had purchased and taken a conveyance for, in the name of F.; but in fact for his own use and benefit. The bill also alleged that L., in his lifetime, confessed a fraudulent judgment to F., which was prior to the complainant's judgment, and that the administratrix of L. had paid or applied his personal estate, amounting to $10,000, to the payment of the judgment of F., knowing that such judgment was fraudulent. And the complainant prayed for an account, against the administratrix, of the administration of the estate of L., and for an account, against the defendant F., of the moneys and property which he had received from the administratrix, in payment of the fraudulent judgment; and that the defendants, or one of them, might pay the amount due on the complainant's judgment, with costs; *Held* that the bill was multifarious.

*Held also*, that the creditor had no right to follow the personal estate of the debtor into the hands of a third person, to whom it was alleged the administratrix had paid it in her own wrong; without showing that the administratrix and her sureties were irresponsible.

*Held further*, that the defendant F. was not a proper party to a bill against the ad-

ministratrix for an account and payment of the complainant's debt, out of the personal estate which had come to her hands; and that the administratrix was not a proper party to a suit to have the complainant's debt paid out of the real estate of the decedent, the title to which was taken in the name of F.

Where the consideration of a conveyance is paid by one person, and the conveyance is taken in the name of another, for the purpose of defrauding the creditors of the person advancing the money, although such conveyance is valid as between the parties, and vests the whole legal and equitable title in the grantee, it is fraudulent as to creditors. And a creditor, having a judgment against the person advancing the money, may file his bill against the fraudulent grantee, to set the deed aside; so far as to have his judgment satisfied out of the land. But the administrator of the person advancing the money upon the purchase of the land, is not a proper party to such a bill.

THIS case came before the chancellor, upon the separate demurrers of the defendants, to the complainant's bill, for multifariousness. The object of the bill was to reach certain real estate of W. Leggett deceased, which, as the bill alleged, he purchased and took the title for in the name of the defendant Forrest; but purchased, in fact, for his own use and benefit. The bill also alleged that Leggett, in his lifetime, confessed a fraudulent judgment to the defendant Forrest, which was older than the judgment recovered by the complainant against Leggett; and that the defendant E. Leggett, the administratrix of the estate of W. Leggett her husband, had paid or applied the whole or the greater part of the personal estate of the intestate to the payment of the judgment of Forrest, knowing that such judgment was fraudulent at the time she so applied the intestate's property for the payment thereof. The complainant therefore prayed for an account, against the administratrix, of the administration of the estate of her deceased husband, and for an account against the defendant Forrest, of the moneys and property which he had received from her in payment of the judgment alleged to be fraudulent; and that they, or one of them, might pay the complainant the amount due on his judgment and the costs of the suit, or for such other or further relief as the complainant was entitled to upon the case made by his bill.

*W. Silliman*, for the complainant. The bill alleges, and the demurrer admits, that the complainant has the oldest bona fide judgment against Leggett, and that by collusion between the defendants, Forrest has swept away all the personal estate of Leggett, under his previous fraudulent judgment. It appears by the pleadings that the complainant is first entitled to be paid the full amount of his judgment, out of the personal estate of Leggett, before any other person can receive any thing out of that estate ; and that the defendant Leggett, as administratrix of the deceased, has been bribed by Forrest to deliver all the estate to him, without any sale being made, towards the satisfaction of a prior fraudulent judgment on which nothing was due. This shows abundant equity on the part of the complainant. Forrest admits that he has acquired all the estate, real and personal, of the debtor Leggett, amounting to over $10,000, in order to defraud his creditors, of whom the complainant is first entitled to be paid in full ; and yet he insists that the complainant has no equity.

The next objection is that the complainant has a remedy at law. The mode of redress at law ought to be pointed out, and the court in which it can be obtained ; for it certainly is not very obvious. It rests with the defendant to show how the complainant could obtain the intestate's library, &c. from Forrest ; and that even if there is remedy at law, there cannot be relief also in equity.

The next objection is that the bill is multifarious, in calling for an account from the administratrix, and also a refunding or proper application of the personal property which Forrest has fraudulently, collusively, and by bribery and corruption, obtained from a debtor and his administratrix, which property they hold in trust for creditors. It is every day's practice to unite in one suit a fraudulent trustee and a person with whom he has colluded to the prejudice of the cestui que trust. A common creditor's bill is a familiar example of bills of this character. A large proportion of these creditor's bills seek to avoid fraudulent transfers of property which should be applied to pay debts.

The next cause of demurrer assigned, is that the demand of the complainant is barred by the statute of limitations. This is not sufficiently pleaded. It does not show what statute is referred to, nor the number of years deemed requisite to create a bar. But if sufficiently pleaded, it does not appear that Forrest did not receive the personal property in question within one hour before filing the bill; and as to it, and also the real property, it is alleged and admitted that Forrest now holds them in trust for creditors. The statute does not apply to the whole bill, and if does to any part, the demurrer is too broad. The demurrer being frivolous, and put in for delay, there should be a final decree upon it that Forrest pay the whole of the complainant's demand; he having fraudulently obtained more than ten times its amount from the intestate's property.

*O. L. Barbour*, for the defendants. The bill in this cause seeks to obtain an account from the administratrix, and also to recover on the ground of certain alleged fraudulent transactions between the intestate, William Leggett, and the defendants. It is in this respect multifarious, and should be dismissed. (*Salvidge* v. *Hyde, Jacob's Rep.* 151, *overruling S. C.* 5 *Madd.* 138. *Story's Eq. Pl.* § 274 *et seq.*) The complainant prays that the defendant Forrest may pay the debt; and that the administratrix may account and pay it. It is not charged that there was any fraudulent combination between the defendant Forrest and the administratrix to cheat the complainant; and of course a decree against the administratrix can only be had on the ground of assets in her hands. If so, the claim against the defendant Forrest, as trustee, is evidently inconsistent, and renders the bill multifarious.

The bill charges that the defendant Forrest is a trustee of the creditors of Leggett, both as to real and personal estate. This is founded upon the allegation that the real estate is in fact the property of Leggett; and it is entirely inconsistent with the demand for an account from the administratrix. The bill is, for this reason, also multifarious, and bad. It has three distinct objects: to obtain an account from the administratrix; to

set aside the sale, by the administratrix, to the defendant Forest, of the personal property, and to make Forrest a trustee as to the real estate conveyed to him by Yerks. It therefore comes strictly within the definition of multifariousness, viz. to demand by one bill several matters, of different natures, against several defendants. To prove this, it is only necessary to see that the complainant, on the frame of this bill, would be entitled to a decree against the administratrix, or the defendant Forrest, in either of these cases—1st. If he succeeds in showing that the inventory on file was not just and true, and in obtaining an account showing assets in the hands of the administratrix; 2d. If he succeeds in establishing his allegation that the conveyance of the real estate was fraudulent; and 3d. If he succeeds in establishing the charge that the sale of the personal property was fraudulent. It is impossible that a bill which seeks relief so various, and of such different natures, can be good. And so far as the bill endeavors to make the defendant a trustee, on the ground of an alleged conspiracy to defraud the complainant, it presents no case for the interference of the court. A trust cannot be raised in this manner.

As to the statute of limitations. The ground of action here being the alleged fraud, there is a concurrent jurisdiction in the courts of common law and of equity; and the rule at law applies as to the limitation. (2 *R. S.* 301, § 49.) That rule, in a case like this, is six years. (*Idem*, 296, § 19.) The 52d section does not apply. Leggett died in May, 1839. The bill was filed in February, 1847; nearly eight years thereafter. It is to be assumed that letters of administration were taken out, and settlement of the estate closed, within a year or fifteen months from the death of the intestate.

The personal estate is the primary fund for the payment of debts. And that must be exhausted before a creditor can resort to the real estate of the decedent. There is no allegation in the bill that the administratrix has not a sufficient amount of personal property in her hands, belonging to the estate, to pay all debts. Without such an allegation the bill cannot be sustained. Even if the administratrix had not sufficient personal property

Jackson v. Leggett.

in her hands to pay this debt, the creditor would not be autho-
rized to proceed against the real estate, until he had exhausted
his remedy against the administratrix, and her sureties, by a
suit upon the administration bond.   The bill alleges that Leg-
gett left personal property to the amount of $10,000.   Of course
the administratrix gave security to the amount of $20,000.
She could not have obtained letters of administration without
giving a bond in that amount.   (See 2 R. S. 20, § 42.)   There
is nothing to show that this bond is not in existence, and an
ample security for the payment of the complainant's debt.

THE CHANCELLOR.   There is an error, in the bill with which
I have been furnished, in stating the commencement of the
complainant's suit against W. Leggett to have been in October
term, 1839 ; which was subsequent to the death of the latter,
as stated in the bill.   This, probably, was a mere slip of the
pen, as the time of the recovery of the judgment is stated to
have been in January of that year.   The error in stating the
time of the commencement of the suit is therefore probably im-
material.

There is no foundation for the objection that the suit against
the administratrix is barred by lapse of time.   For it is not
stated when administration was granted to her upon the estate
of her husband.   But I think the objection that the bill is mul-
tifarious is well taken.

It is alleged that the personal estate of the decedent, which
came to the hands of his administratrix, was about $10,000.
And the amount due upon the complainant's judgment, inclu-
ding interest thereon, was less than $900, at the time of filing
the bill in this cause.   There is nothing in this case, therefore,
to show that the complainant has not a perfect remedy against
the administratrix and her sureties, for the amount due upon
his judgment.   He has then no right to follow the personal
estate into the hands of a third person, to whom, if the allega-
tions in the bill are true, she has paid it in her own wrong.
The defendant Forrest, therefore, was not a proper party to a
bill against the administratrix, for an account and payment of

the complainant's debt, out of the personal estate which had come to her hands.   And I see no reason for making Forrest a party, except for the purpose of depriving Mrs. Leggett of the benefit of his testimony in the suit; an answer on oath from both defendants being waived by the bill.

On the other hand, if the consideration of the conveyance to Forrest was actually paid by W. Leggett, and the deed was taken in the name of the former for the purpose of defrauding the complainant, and other creditors whose debts then existed, that conveyance was valid as between the parties ; and vested he whole legal and equitable title in the grantee, under the provisions of the revised statutes.  (1 *R. S.* 728, § 51.)   It was fraudulent, however, as to the complainant, as an existing cred itor.   And he has a right to file his bill against Forrest to set it aside, so far as to have his judgment satisfied out of the land of the fraudulent grantee thereof.  (*Idem*, § 52.)   But in relation to that part of the bill in this cause, the administratrix was improperly made a defendant.   And her testimony may be very material for her co-defendant, in respect to that part of the complainant's bill.

The demurrers of the defendants respectively must therefore be allowed.   And the bill must be dismissed, with costs to each, ɪpon the ground of multifariousness.   That, of course, will not prevent the complainant from filing new bills, against the defendants separately, for the relief to which he may be entitled against them respectively.