THOMPSON C. MUNN

*v.*

ANDREW K. MARSH.

A judgment creditor of a decedent, whose estate is insolvent, and whose administrator refused to bring suit, filed a creditor's bill to set aside, as fraudulent, certain mortgages given by the decedent to his son-in-law, which were foreclosed after decedent's death, and the premises bought at the sheriff's sale under the foreclosure by the son-in-law, the defendant. On demurrer to the bill—*Held*, (1) that the administrator is not a necessary party, and (2) that the bill sets forth grounds for equitable relief.

Bill for relief.  On general demurrer.

*Mr. John W. Taylor*, for demurrant.

*Mr. P. Woodruff*, for complainant.

THE CHANCELLOR.

The bill is filed by the complainant as a creditor of the estate of Samuel W. Baldwin, deceased, in behalf of himself and all other unsatisfied creditors of that estate, to obtain satisfaction of his and their debts out of certain land in Orange, which belonged to Baldwin, and which he mortgaged (by two mortgages) to Marsh, the defendant, who was his son-in-law. Marsh, after Baldwin's death, brought a suit in this court against the executrix and devisees of the latter, to foreclose the mortgages and obtained a decree therein, under execution whereof he caused the property to be sold, and at the sheriff's sale bought it in for a sum much less than his claim under his mortgages. Baldwin's

estate is insolvent. His widow was his executrix. Although, she proved the will and entered upon the settlement of the estate, she did not complete the settlement. She is dead. After her death an administrator *de bonis non cum testamento annexo* was appointed, and he has not yet settled the estate. The complainant has recovered judgment for his debt against the administrator, and being desirous that proceedings in this court should be taken to impeach the mortgages for fraud between Marsh and Baldwin, and to set aside the sheriff's sale, to the end that the mortgaged premises may be applied to the payment of Baldwin's creditors, he applied to the administrator to bring suit for those purposes. The administrator refused to do so, unless the complainant would indemnify him and the estate against all the costs and expenses thereof.

The defendant has demurred to the bill. His causes stated in the demurrer are, that the administrator is a necessary party complainant or defendant, but is not made a party on either side, and that there is no equity in the bill. At the hearing he demurred, *ore tenus*, on the further ground that the defendant's wife should be, but is not a party.

The demurrer on the ground of want of equity cannot be maintained. The bill alleges that Baldwin and Marsh fraudulently covered up the property from the creditors of the former by the mortgages, and that the latter, to effectuate the covinous design and get the property into his own hands by an absolute title, had recourse to proceedings for foreclosure, under which he bought it, and that he still holds it by that title. The creditors were, indeed, represented in that suit by the executrix, who was made a party, but she was Baldwin's widow, and the bill charges fraud upon her in the transaction. It alleges that the consideration of the mortgages was notes given by Marsh to Baldwin, which it was agreed the former should never pay, unless compelled to do so by Baldwin's creditors after Marsh should have got title to the property. It also states that the notes were never paid, and that Marsh, with the consent of Baldwin's executrix, destroyed them after Baldwin's death.

Nor is the administrator a necessary party to this suit. He

has no order of sale of the land to pay debts. He has substantially refused to bring the suit. Indeed, it is a question whether he could have brought it even if he had such order for sale. *Haston* v. *Castner, 4 Stew. Eq. 697, 701.* The complainant has a right to bring it. But after satisfaction of his debt and those of other creditors who may be entitled to the benefit of these proceedings out of the property, the residue of the value of the land would belong to Marsh ; for as between him and the grantor and his heirs, the mortgages were valid. The administrator, therefore, is not a necessary and would not be a proper party defendant. *Jackson* v. *Forrest, 2 Barb. Ch. 576.* See, also, *Haston* v. *Castner, ubi sup.,* and *Wait Fraud. Con.* § *136.*

As to the ground of demurrer taken *ore tenus,* that the defendant's wife should be a party, it is enough to say that it does not appear by the bill that the defendant has a wife, and therefore the objection cannot be made on demurrer.

The demurrer will be overruled, with costs.